# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MYKEL YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-00553-JCH |
| | ) | |
| WHITE CASTLE SYSTEM, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Mykel Young's Motion to Remand, filed May 12, 2016. (ECF No. 7.) Defendant White Castle System, Inc. ("White Castle") has filed a Response (ECF No. 10), and the matter is ready for disposition.

## BACKGROUND

On August 5, 2014, Plaintiff, a Missouri resident, filed this wrongful death action in the Circuit Court of St. Louis City, Missouri naming as defendants White Castle and Missouri residents Frances Moore and Christopher Spates. In her Complaint, Plaintiff alleges the following with respect to White Castle and Moore. On or about August 23, 2011, Plaintiff's mother was assaulted and shot by Spates at a White Castle restaurant located at 3524 North Kingshighway in the City of St. Louis (hereinafter, the "Restaurant"). The shooting resulted in the death of Plaintiff's mother. At the time, the Restaurant was possessed and controlled by White Castle and Moore. Moore was the General Manager for White Castle and was responsible for ensuring that the Restaurant was operated in a safe manner, which included the provision of adequate security for the protection of all invitees. (ECF No. 1.1 at 1-2.) White Castle and Moore knew, or through the exercise of ordinary care should have known, that the Restaurant

was the scene of numerous violent crimes during the five years preceding Plaintiff's mother's death, and that the Restaurant therefore was not reasonably safe. "In light of the numerous, recent and violent crimes at the Restaurant, Defendants White Castle and Moore owed a duty to provide reasonable security to protect their guests and/or invitees, including Plaintiff's mother, from criminal attacks." *Id.* at 2-3. The presence of "an adequately trained security force or some combination of other reasonable security precautions for the [Restaurant] would have deterred and/or prevented the shooting of [Plaintiff's mother]." *Id.* at 3.

Plaintiff asserts that White Castle and Moore were negligent by reason of one or more of the following acts or omissions, which directly and proximately resulted in the death of her mother:

> (a) Defendants failed to provide competent and reasonably trained security for the [Restaurant];
> (b) Defendants failed to properly monitor the [Restaurant] through adequate video surveillance and/or employing adequate security personnel;
> (c) Defendants failed to properly hire, train, and/or supervise their employees responsible for monitoring, patrolling or providing security at the [Restaurant];
> (d) Defendants failed to have a comprehensive security analysis performed by competent security professionals for the [Restaurant]; or
> (e) Defendants failed to adequately warn their guests and invitees of the increased danger of violent crime at the [Restaurant] based on the numerous, recent, and violent criminal history.

*Id.* at 4.

On April 20, 2016, White Castle removed the action to this Court. In its Notice of Removal, White Castle, a citizen of Ohio, asserts that Moore was fraudulently joined and her presence should be disregarded, and that this Court has diversity jurisdiction over the matter. (ECF No. 1.) White Castle further asserts that removal is timely because it seeks to remove this case pursuant to the "bad faith" provision of 28 U.S.C. § 1446(c)(1), based upon Plaintiff's recent voluntary dismissal of her claim against Spates. *Id.* at 4. Defendant Moore did not join in

the Notice of Removal or provide her consent thereto until after Plaintiff moved for remand. (ECF Nos. 1, 9.) As mentioned above, White Castle opposes Plaintiff's Motion to Remand. (ECF No. 10.)

## DISCUSSION

"The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction." *Peters v. Union Pac. R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996) (citing 28 U.S.C. § 1441(b)). "A claim may be removed only if it could have been brought in federal court originally." *Id.* Diversity jurisdiction "requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing 28 U.S.C. § 1332(a)). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Id.* "Critically, the party seeking removal has the burden to establish federal subject matter jurisdiction," and "all doubts about federal jurisdiction must be resolved in favor of remand." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (citations omitted).

In her Motion and supporting Memorandum, Plaintiff argues that removal was procedurally defective because Moore did not join in the Notice of Removal as required by 28 U.S.C. § 1446(b)(2)(A), and that removal was untimely because Plaintiff's dismissal of Spates did not constitute bad faith. Plaintiff also argues that removal was improper because Moore was not fraudulently joined. (ECF Nos. 7, 8.) As to the latter argument, White Castle counters that Moore was fraudulently joined because Plaintiff fails to state a cause of action against her under Missouri law. White Castle urges the Court to consider the affidavit of Nicholas W. Zuk—the Senior Vice President, General Counsel, and Secretary of White Castle—which White Castle

attached to its Notice of Removal, and which discusses Moore's employment duties at the Restaurant. (ECF Nos. 1.2; 10.)[1]

Even assuming that removal here was timely, the Court concludes that Moore was not fraudulently joined and that removal was improper. In determining whether a defendant was fraudulently joined, the district court must decide "whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003). Put another way, the court must decide whether the plaintiff might have a "colorable" claim against the resident defendant. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010). Thus, a defendant asserting fraudulent joinder must "prove that the plaintiff's claim against the diversity destroying defendant has no reasonable basis in fact and law." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 977 (8th Cir. 2011) (quotation and citation omitted). "[T]he district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Filla*, 336 F.3d at 811. In addition, in resolving a fraudulent-joinder issue, courts in this district have considered materials outside the pleadings. *See, e.g.*, *In re Genetically Modified Rice Litig.*, 618 F. Supp. 2d 1047, 1052 (E.D. Mo. 2009) (collecting cases); *Petersen v. Rusch, Inc.*, No. 4:05CV01328ERW, 2006 WL 83492, at *2 (E.D. Mo. Jan. 12, 2006).

Under Missouri law, in certain instances an employee may be held personally liable to a third party.

> First, when an employee has or assumes full and complete control of his employer's premises, his liability to the public or to invitees is the same as that of his employer. A second situation involves liability on the part of the employee

---

[1] White Castle also asserts that Plaintiff has demonstrated that she has no interest in litigating her case against Moore. (ECF No. 10 at 13.) However, White Castle does not cite to any evidence in the record in support of this allegation. *See Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 977 (8th Cir. 2011) (citation omitted) (burden is on defendant to show fraudulent joinder).

4

> who does not have complete control of the premises but may be liable for injury to third persons when he breaches some duty which he owes to such third person. The test is whether he has breached his legal duty or been negligent with respect to something over which he did have control.

*Augustine v. Target Corp.*, 259 F. Supp. 2d 919, 921 (E.D. Mo. 2003) (quoting *State ex rel. Kyger v. Koehr*, 831 S.W.2d 953, 956 (Mo. Ct. App. 1992)). In addition, the Missouri Supreme Court has recognized that a duty to protect invitees from criminal attacks of unknown third persons may arise "depending upon the facts and circumstances of a given case"; for example, "a duty of care arises out of circumstances in which there is a foreseeable likelihood that particular acts or omissions will cause harm or injury." *Madden v. C&K Barbecue Carryout, Inc.*, 758 S.W.2d 59, 61-62 (Mo. 1988) (en banc) (in wrongful death action, allegations of history of prior crimes occurring on defendants' property were sufficient to establish duty of care on part of defendants to take reasonable measures to protect invitees from third party attacks); *see also L.A.C. ex rel. D.C. v. Ward Parkway Shopping Ctr. Co., L.P.*, 75 S.W.3d 247, 256-59 (Mo. 2002) (en banc) (owners and managers of mall had duty to take reasonable care to protect business invitees from criminal activity; discussing *Madden*). Thus, there is a reasonable basis in law supporting Plaintiff's claim against Moore.

In determining whether there exists a reasonable basis in fact supporting Plaintiff's claim, the Court considers the allegations in Plaintiff's Complaint, as well as Mr. Zuk's affidavit. As set forth above, Plaintiff alleges that Moore was the General Manager of the Restaurant and was responsible for ensuring it was operated in a safe manner; that, because Moore knew or should have known that the Restaurant was the scene of numerous violent crimes, she owed a duty to provide reasonable security to protect invitees; and that she, among other things, failed to properly monitor the Restaurant for security-related risks and to adequately warn invitees. In his affidavit, Mr. Zuk attests that at all times relevant to this action Moore was the General Manager

of the Restaurant; that she was not present or on duty during the relevant time of the incident at issue; that her "job related duties included scheduling, hiring, firing, training, and directing White Castle employees and only White Castle employees at the [Restaurant]"; and that she was not responsible for, and did not have authority with respect to, "implementing new security measures, removing existing security measures, directing security personnel, or changing security measures at the [Restaurant]." (ECF No. 1.2 at 1-2.)

Although Mr. Zuk's affidavit indicates that Moore was not responsible for and did not have authority to implement, remove, or change security measures at the Restaurant, the affidavit does not provide an exhaustive list of Moore's responsibilities as the General Manager of the Restaurant. Without additional evidence demonstrating the entire scope of Moore's employment duties, the Court cannot determine whether Moore was responsible for, among other things, monitoring security measures or reporting any security-related deficiencies she detected. Similarly, although Mr. Zuk attests that Moore was not responsible for directing security personnel, his affidavit does not indicate whether Moore was responsible for monitoring the performance of the security personnel, or for communicating any relevant information to them in order to assist them in providing adequate security for the Restaurant. Resolving these ambiguities in favor of Plaintiff, as the Court must do, *Filla*, 336 F.3d at 811, the Court finds that there is a there is a reasonable basis in fact supporting Plaintiff's claim against Moore, *see Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007) (fraudulent-joinder analysis focuses only on whether plaintiff might have colorable claim under state law, not on artfulness of pleadings).

Because the Court finds that White Castle has not sufficiently proved that Plaintiff's claim against Moore has no reasonable basis in law and fact, the Court concludes that Moore was

not fraudulently joined. *See Filla*, 336 F.3d at 811 (in its review of fraudulent-joinder claim, court has no responsibility to definitely settle ambiguous question of state law; if state law might impose liability on resident defendant based upon facts involved, then there is no fraudulent joinder); *see also Knudson*, 634 F.3d at 980 (defendant must do more than merely prove plaintiff's claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6); Rule 12(b)(6) standard is "more demanding than *Filla* standard").

Considering Moore's presence in this case, it appears that the Parties' citizenship is not completely diverse, and that this Court does not have subject matter jurisdiction over the action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED as moot**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis City, Missouri. A separate Order of Remand will accompany this Memorandum and Order.

Dated this 9th day of June, 2016.

    /s/ Jean C. Hamilton
    UNITED STATES DISTRICT JUDGE